# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 24, 2008

136069(42)(44)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

RENEE ELLIS,
           Plaintiff-Appellee,

v

FARM BUREAU INSURANCE COMPANY,
           Defendant-Appellant.

_____/

SC: 136069
COA: 275240
Wayne CC: 05-508314-CK

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The motion for reconsideration of this Court's July 25, 2008 order is considered, and it is GRANTED. We VACATE our order dated July 25, 2008. On reconsideration, the application for leave to appeal the February 12, 2008 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on December 3, 2008, at 9:30 a.m., on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). At oral argument, the parties shall address: (1) whether, under the terms of the insurance policy, the defendant is not liable because, under the facts of this case, the insured premises were vacant or unoccupied for more than 60 consecutive days before the damage occurred; (2) whether the Court of Appeals erred in relying on *Smith v Lumbermen's Mutual Ins Co*, 101 Mich App 78 (1980), because that case did not involve a vacancy of 60 days or more or policy language, such as that here, that limits coverage when the insured premises are vacant or unoccupied for more than 60 consecutive days; and (3) whether, regardless of the contract language, there is merit in the plaintiff's allegation that the Consumer Protection Act was violated and that the defendant's agent issued the policy despite knowing that the plaintiff planned a period of renovation at the house and, after issuing the policy, the agent never provided the plaintiff with a copy of the policy and then terminated the agency relationship with the defendant. The parties shall file supplemental briefs no later than November 21, 2008. They should not submit mere restatements of their application papers.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 24, 2008

Clerk

d1021